```
UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF OHIO
       WESTERN DIVISION
```

ALAA CHKIR,                     :
                                :      NO. 1:08-CR-00021(1)
        Petitioner,              :      NO. 1:09-CV-00391
                                :
                                :
    v.                          :
                                :      **OPINION & ORDER**
                                :
UNITED STATES OF AMERICA        :
                                :
        Respondent.              :


This matter is before the Court on Petitioner's pro se Motion to Vacate Sentence Under 28 U.S.C. § 2255 (doc. 63), the government's Response in Opposition (doc. 65), Petitioner's Reply (doc. 68), the government's Sur-Reply (doc. 71), Petitioner's Motion to Amend Motion to Vacate (doc. 72), and the government's Response in Opposition to Petitioner's Motion to Amend (doc. 73). For the reasons indicated herein, the Court DENIES Petitioner's Motion to Vacate Sentence Under 28 U.S.C. § 2255, and DENIES Petitioner's Motion to Amend Motion to Vacate.

**I. BACKGROUND**

Petitioner, with the assistance of his wife, devised a scheme to defraud federally-insured financial institutions by making fraudulent payments on credit cards to obtain cash advances and merchandise (doc. 65). On March 5, 2008, a federal grand jury in the Southern District of Ohio indicted Defendant for conspiracy to commit bank fraud, and raised forfeiture allegations (doc. 9).

Soon thereafter, on May 22, 2008, Petitioner pled guilty to conspiracy to commit bank fraud pursuant to a written plea agreement (doc. 23). Under the terms of the plea agreement, Petitioner waived his right to appeal the sentence imposed in this case (doc. 65).

At sentencing on September 11, 2008, the Court sentenced Petitioner to 27 months of imprisonment, 3 years of supervised release, and ordered him to pay restitution in the amount of $96,360.07 (doc. 38). The Clerk entered Final judgment on September 12, 2008, (doc. 40), which Petitioner did not appeal (Id.).

In his instant pro se motions, Defendant seeks to challenge his sentence, while also claiming the right to credit the proceeds from forfeited items to the balance of the restitution he owes. The government argues Defendant's motions lack merit, that the issues of forfeiture and restitution are distinct, and that there is no valid basis to vacate Defendant's sentence. The Court will review the parties' arguments seriatum.

**II. PLAINTIFF'S PRO SE MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255**

   **A. Petitioner's Claims and the Government's Response**

Petitioner cites two separate grounds for relief from his sentence (doc. 63). First, Petitioner states the sentence imposed by the Court was procedurally unreasonable in violation of the

2

Constitution because the Court failed to consider all relevant sentencing factors under 18 U.S.C. § 3553(a) (doc. 63, 65). Second, Petitioner states he received ineffective assistance of counsel because counsel did not object to the Presentence Investigation Report ("PSR") based on Section 3553 grounds or file a motion on his behalf to raise Section 3553 factors (Id.).

In response to Petitioner's first ground for relief, the government argues that Petitioner has procedurally defaulted all claims that he could have raised on direct appeal, absent a showing of cause and prejudice (doc. 65). The government states that Petitioner's claim, arguing that the sentence imposed by the Court was procedurally unreasonable, should have been raised on direct appeal (Id.). Because Petitioner failed to appeal, the government contends he procedurally defaulted on his first ground of relief and the Petitioner has not shown cause and prejudice to excuse the default (Id.). Moreover, the government argues that Petitioner expressly waived his right to appeal pursuant to a valid plea agreement (Id.). Since the record indicates that Petitioner understood the terms of the plea agreement and consented to the agreement voluntarily, which included an appellate waiver, the government states that Petitioner properly waived his right to appeal (Id.).

In response to Petitioner's second ground for relief, the government argues that Petitioner failed to meet his burden in

establishing ineffective assistance of counsel (doc. 65). Citing Strickland v. Washington, 466 U.S. 668, 686-87 (1984), the government contends Petitioner must meet a two-prong test to successfully make out an ineffective assistance of counsel claim (Id.). First, Petitioner must show that counsel's performance was so deficient that he was not functioning as 'counsel' as guaranteed by the Sixth Amendment (Id.). The government argues that though Petitioner proffered arguments regarding the failure to raise Section 3553(a) factors, Petitioner's arguments are incorrect (Id.). According to the government, Petitioner's counsel exercised sound judgment by not objecting to the PSR since it already provided an analysis of § 3553(a) factors in the Sentencing Recommendation (Id.). Furthermore, the government points out that Petitioner's counsel filed objections to the PSR on July 13, 2008, to provide clarification of the offense and for mitigation purposes (Id.).

The government next argues that in addition to showing deficient performance by counsel, Petitioner must also show he was prejudiced by counsel's errors (doc. 65). The government argues that Petitioner made no such showing, since the guideline range was properly computed and the Court properly considered the sentencing factors under 18 U.S.C. § 3553(a) (Id.). Additionally, the government argues that due to Petitioner's knowing and voluntary waiver of his right to appeal, Counsel's performance with respect

4

to sentencing did not prejudice the Petitioner (Id.). The government contends that Petitioner must demonstrate a lower sentence was probable but for his counsel's performance, which Petitioner failed to establish in this case (Id.).

The government concludes that an evidentiary hearing is not warranted since the record conclusively shows that Petitioner is not entitled to relief (doc. 65).

In Petitioner's Reply, Petitioner argues that the proceeds from the sale of his forfeited assets should be credited to his restitution obligation (doc. 68). Petitioner also states he should be credited with certain negotiated settlements he made with named victims in the restitution order (doc. 68, 71).

In response to Petitioner's first argument, the government responds that Petitioner is not entitled to have the proceeds from the sale of forfeited assets applied to Petitioner's restitution obligation (doc. 71). Citing U.S. v. Alalade, 204 F.3d 536, 540 (4th Cir. 2000), the government argues that the Court does not have the discretion to reduce restitution by an amount equal to the value of property forfeited to the government (Id.). Additionally, the government argues that Petitioner may not rely upon his counsel's purported representations that forfeited assets would be used to satisfy his restitution obligations (Id.). Citing U.S. v. Holmes, 2006 WL 2709699 (E.D. Va. 2006), the government contends that it is within the government's discretion not to remit

5

the forfeited property to the victims of Petitioner's crime (Id.).

Next, the government states that regardless of settlements reached between Petitioner and the victims, Petitioner is still required to pay restitution for the full amount of the losses suffered by the victims (doc. 71). However, the government agrees that Petitioner should be credited for actual amounts paid to the victims, and after reviewing Petitioner's documentation, it has determined that the restitution obligation should be reduced from $96,360.07 to $74,912.39 (Id.). Nevertheless, the government contends that Petitioner's Motion to Vacate Sentence Under 28 U.S.C. § 2255 should be denied.

**B. Discussion**

Having reviewed this matter, the Court finds the government's positions well-taken. Petitioner failed to appeal his first claim of relief, and therefore this claim is procedurally defaulted unless he could demonstrate cause and prejudice to excuse the default. Since Petitioner has not demonstrated cause and prejudice, his default is not excused. Additionally, Petitioner waived his right to appeal through a negotiated and valid plea agreement. Furthermore, Petitioner failed to demonstrate under Strickland that his counsel's performance was deficient or resulted in prejudice. As the government noted, the PSR provides a detailed examination of Section 3553(a) factors, Petitioner's counsel filed objections to the PSR on July 13, 2008, and further reiterated these written objections to the PSR during sentencing.

Accordingly, Petitioner failed to demonstrate that his counsel was deficient. Petitioner also failed to establish that his counsel's performance resulted in prejudice, as his sentencing proceeding was not fundamentally unfair. The Court properly computed the guideline range and the sentence imposed was not in violation of law or as a result of an incorrect application of the guidelines. Therefore, Petitioner did not satisfy his burden of proving his counsel was deficient or that the result was prejudicial.

Although Petitioner argued that the proceeds from his forfeited assets and negotiated settlements with victims should be credited towards his restitution obligation, the government correctly points out that these are not proper challenges to his sentence. Pursuant to 28 U.S.C. § 2255, Petitioner may, among other grounds, establish that the sentence was imposed in violation of the Constitution or that it was in excess of the maximum authorized by law. Here the Court notes that although the issue of any credits for restitution provides no basis to challenge his sentence, the government has agreed to reduce Petitioner's restitution obligation from $96,360.07 to $74,912.39 after reviewing Petitioner's documentation.

**III. PETITIONER'S MOTION TO AMEND MOTION TO VACATE**

**A. Petitioner's Claims and Government's Response**

Petitioner's Motion to Amend raises four grounds for relief from his sentence (doc. 72). First, Petitioner argues that he did not knowingly and voluntarily enter his guilty plea due to

7

ineffective assistance of counsel (Id.). Second, Petitioner states that counsel was ineffective for failing to file a motion for a downward departure based on the defendant's payment of restitution (Id.). Third, Petitioner states he received ineffective assistance of counsel when his counsel failed to inform Petitioner about the forfeiture of his property (Id.). Fourth, Petitioner states that because of ineffective assistance of counsel, he did not knowingly and voluntarily waive his appellate rights (Id.). Petitioner requests the Court, among other things, to set aside his guilty plea, correct his sentence, or reinstate his right to appeal (Id.).

The government responds that Petitioner's four separate grounds for relief all fail to meet his burden in establishing ineffective assistance of counsel (doc. 73). The government contends that none of the four arguments meet the two-prong test established in Strickland (Id.). In Petitioner's first claim of relief, the government argues there are no specific facts supporting his argument that his guilty plea was not knowing and voluntary as the result of the ineffective assistance of counsel (Id.). Therefore, the government states that this claim does not satisfy the two-prong test from Strickland since it fails to demonstrate counsel's performance was deficient and that the deficient performance prejudiced Petitioner (Id.).

The government next argues that Petitioner's second claim of relief lacks merit (doc. 73). Although Petitioner argues that his counsel was ineffective for failing to file a motion for a

downward departure based on the Petitioner's payment of restitution, the government responds that counsel filed objections to the PSR and his choice not to file a separate sentencing memorandum was well within the range of professionally reasonable judgments (Id.). Furthermore, Petitioner's counsel challenged paragraph 14 of the PSR by reiterating a point he made in his written objections to the PSR (Id.). Accordingly, the government contends that Petitioner's counsel was not deficient under the deferential review of counsel's performance under Strickland (Id.). Further, the government argues that Petitioner failed to establish that the outcome of sentencing would have been different and failed to demonstrate counsel's performance was deficient and that it prejudiced Petitioner (Id.).

In response to Petitioner's third claim regarding ineffective assistance of counsel with respect to forfeiture, the government states that the argument lacks merit since he signed the Plea Agreement on April 21, 2008, and entered a guilty plea on May 22, 2008 (doc. 73). According to the government, if Petitioner had refused to part with the forfeited property, the United States would have sought not only forfeiture of the seized property, but also a forfeiture money judgment in the amount of $294,366.10, which represents the amount of proceeds derived from Petitioner's bank fraud conspiracy (Id.). Therefore, the government argues that the agreement not to contest the forfeiture benefitted Petitioner and serves as no basis for showing ineffective assistance of

9

counsel (Id.).

Finally, the government argues that Petitioner voluntarily and knowingly waived his appellate rights pursuant to a valid plea agreement (doc. 73). Since the record clearly shows that Petitioner understood the terms of the plea agreement and acknowledged discussing the appellate waiver with counsel, the government contends that Petitioner's argument for ineffective assistance of counsel lacks merit (Id.). Furthermore, the government argues that the plea agreement benefitted the Petitioner since he received a reduction for acceptance of responsibility (Id.). If the United States had brought charges against, and convicted, Petitioner and his wife with money laundering and wire fraud, the government states the possibility that Petitioner would have received a lower sentence is not reasonably probable (Id.). Therefore, the government contends that Petitioner has not produced credible evidence to suggest he did not waive his appellate rights knowingly and voluntarily (Id.).

**B. Discussion**

Having reviewed this matter, the Court finds the government's positions well-taken in all respects. Petitioner has not demonstrated under Strickland that his counsel's performance was deficient or resulted in prejudice. As the government correctly pointed out, the record clearly indicates that Petitioner knowingly and voluntarily entered into a valid and negotiated plea agreement. Petitioner has not proffered sufficient evidence to

contradict this argument. As for Petitioner's second claim, the Court has already fully discussed the issue above and finds no reason to repeat its analysis here. Petitioner also failed to establish that his counsel was ineffective in allowing Petitioner to forfeit his property. As noted by the government, Petitioner would probably have been required to pay a forfeiture money judgment if he did not willingly part with his forfeited property. Finally, as stated earlier, the Court finds that Petitioner proffered no evidence to suggest he did not voluntarily and knowingly enter into the plea agreement and waive his appellate rights. Therefore, the Court finds that Petitioner's arguments do not sufficiently establish that his counsel was deficient or that the result prejudiced Petitioner.

**IV. CONCLUSION**

For the foregoing reasons, the Court DENIES Petitioner's Pro Se Motion to Vacate Sentence Under 28 U.S.C. § 2255 (doc. 63), DENIES Petitioner's Motion to Amend Motion to Vacate (doc. 72), and DISMISSES this matter from the Court's docket. Further, the Court DECLINES to issue a certificate of appealability because the Court does not find that Petitioner has demonstrated "that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983) (internal quotations omitted). Finally, pursuant to 28 U.S.C. § 1915(a)(3), this Court CERTIFIES

that any appeal of this Order will not be taken in good faith, and any application to appeal <u>in</u> <u>forma</u> <u>pauperis</u> will be denied.

SO ORDERED.

Dated: May 25, 2010          <u>s/S. Arthur Spiegel</u>
                             S. Arthur Spiegel
                             United States Senior District Judge